Zucorry Quattlebaum, a/k/a Zucorry    )
Quattlebawn,                         )    C/A No. 3:12-0230-MBS
                                          )
              Plaintiff,         )
                                          )
     vs.                             )
                                          )       **O R D E R**
Lexington County Sheriff Metts; Shannon   )
Lovell, Deputy Sheriff,             )
                                          )
             Defendants.      )
_____ )

       Plaintiff Zucorry Quattlebaum, proceeding pro se, filed this action on January 23, 2012, alleging that he was subjected to excessive force during a traffic stop, in violation of his constitutional rights.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

       In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.  On April 9, 2012, Defendants filed a motion to dismiss the complaint as barred by the applicable limitations period. On April 10, 2012, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and the possible consequences of failing to respond adequately.  Plaintiff filed no response to the motion to dismiss.  On May 15, 2012, the Magistrate Judge issued an order directing Plaintiff to file a response to Defendants' motion by May 29, 2012. Plaintiff was advised that his failure to respond would result in dismissal with prejudice for failure to prosecute.  Plaintiff filed no response to the motion to dismiss or the Magistrate Judge's May 15, 2012 order.  Accordingly, on May 30, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended that the within complaint be dismissed for failure to prosecute.  Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. <u>Mathews v. Weber</u>, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. <u>Id.</u> This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. <u>Id.</u> In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within action is dismissed *with prejudice* pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 26, 2012

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**